**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

*Civil Action No.:*

---

MEEI LIU, an individual, and
TAI LIU, an individual,

      Plaintiffs,

v.

COREY LEE SKAGGS, an individual, and
VSS CARRIERS, INC., a Texas corporation,

      Defendants.

---

## NOTICE OF REMOVAL

---

Defendant VSS Carriers, Inc., by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, seek removal of Case No. 2022CV32234 from the District Court for the 2nd Judicial District – City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado and in support thereof, states as follows.

### Procedural Background

1.      The above-named civil action was filed in the District Court for the City and County of Denver, State of Colorado ("Denver District Court") on August 4, 2022. Plaintiffs named Corey Lee Skaggs ("Mr. Skaggs") and VSS Carriers, Inc. ("VSS") as Defendants. *See* copy of the Civil Complaint and Jury Demand ("Complaint"), District Court Civil Summons ("Summons") and Civil Case Cover Sheet, attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibits 1, 2 and 3**, respectively.

1

2.     VSS received, through service of process, a copy of the Complaint on or about August 24, 2022. *See* copy of the Affidavit of Service served on VSS in this matter, attached hereto as **Exhibit 4**.

3.     The Complaint generally alleges (i) negligence and negligence *per se*; and (ii) battery on the part of Mr. Skaggs and (iii) Respondeat Superior / Principal-Agent Liability / Vicarious Liability; (iv) negligent contracting, hiring and retention; and (v) negligent training and supervision on the part of VSS relating to a motor vehicle accident (the "collision") that occurred on or about October 13, 2021, near E. Colfax Avenue and Broadway Boulevard in Denver, Colorado.

4.     Plaintiffs claim that "[a]t the time of the collisions, Defendant Skaggs was driving the truck for the benefit of VSS Carriers and was transporting cargo on their behalf ..." and that "… Defendant Skaggs was driving the truck in the course and scope of his employment with VSS Carriers." Plaintiffs further claim that as a direct and proximate result of the collision, "Plaintiffs incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries and loss of time", "non-economic damages including, but not limited to, pain and suffering, fear, inconvenience, emotional distress, and impairment of quality of life", and "Plaintiffs suffer from lasting physical impairment."  *See*, **Exhibit 1**, generally and at ¶¶19-20, 23-25.

### Notice of Removal

5.     Upon review of the Complaint, together with the accompanying Civil Case Cover Sheet, VSS has ascertained that the case is removable to this Court pursuant to 28 U.S.C. §1446.

6.     This Notice of Removal is filed within the requisite thirty (30) days from the date

of service of process on VSS, and, thus, is timely filed pursuant to 28 U.S.C. §1446(b).

7.     The United States District Court for the District of Colorado embraces the place where the state court action is currently pending.

8.     A Notification of Removal is being filed with the Denver District Court and served on Plaintiffs concurrently with the filing of the instant Notice in accordance with 28 U.S.C. §1446(d).

9.     Upon information and belief, Mr. Skaggs has not been served with the Complaint.

**Diversity of Citizenship Jurisdiction**

10.     Paragraphs 1 through 9, *supra*, are incorporated by reference as if set forth fully at length.

11.     Plaintiffs' Complaint avers that VSS is a foreign corporation with a principal place of business at 1325 W. Belt Line Road, Carrolton, Texas 75006.  *See* **Exhibit 1** at ¶4.

12.     Plaintiffs' Complaint avers that Mr. Skaggs currently resides in the state of Texas at 2659 Interstate Highway 30 E, Greenville, Texas.  *See* **Exhibit 1** at ¶3.  Upon information and belief, at the time of the incident Mr. Skaggs was a citizen of the State of Texas.

13.     Upon information and belief, Plaintiffs are citizens of the State of Colorado, and were so both at the time of filing of the state court action and at the time of filing of the instant Notice. *See* **Exhibit 1** at ¶¶1-2.

14.     At the time of filing of the Complaint with the Denver District Court and at the time of filing the instant Notice, VSS was and is a corporation duly incorporated under the laws of the State of Texas, with its principal place of business located at 1325 W. Belt Line Road, Carrolton, Texas 75006. *See* printout from the Texas Secretary of State's website indicating VSS' good

3

standing status, attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibit 5**. *See also,* VSS's Company Snapshot from the Federal Motor Carrier Safety Administration's (FMCSA) website at Safety and Fitness Electronic Records (SAFER), attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibit 6**.

15.     "[T]he jurisdiction of the [c]ourt depends upon the state of things at the time of the action brought . . . ". *See*, *Mollan v. Torrance*, 22 U.S. 537, 539 (1824); *see also*, *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).  Accordingly, diversity of citizenship existed both at the time of filing in state court and at the time of filing the instant Notice.

**Amount in Controversy**

16.     Beyond a complaint itself, other documentation is relevant and can provide the basis of determining the amount in controversy for purposes of diversity jurisdiction.  *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.* at 955.  For instance, in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999), the plaintiff based its recovery on tort theory, and alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."  Even though the complaint did not specify a numerical value of damage, the Fifth Circuit found that the district court did not err in finding that the plaintiff's claims exceeded $75,000.  *Id.*

17.     Here, the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.  Plaintiffs state in their signed Civil Case Cover Sheet that they are seeking a monetary judgment for more than $100,000.00 against Defendants including any penalties or

punitive damages, but excluding attorney fees, interest and costs.  *See*, **Exhibit 2** at p. 1.

18.     As stated above, Plaintiffs claim that they suffered bodily injury.  Plaintiffs further claim that they have "…incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries and loss of time." and "… suffer from lasting physical impairment." *See*, **Exhibit 1**, generally and at ¶¶23, 25.  Similar to *Luckett*, Plaintiffs have based their recovery on tort theory and have alleged damages in addition to those related to medical costs, including, pain and suffering, fear, inconvenience, emotional distress, and impairment to quality of life.  When factoring in additional past and future damages, unrelated to medical expenses, this Court should find that the amount in controversy exceeds $75,000.  *See*, *Luckett*, 171 F.3d at 298.

19.     Through Plaintiffs' Civil Case Cover Sheet (**Exhibit 3**) and Plaintiffs' theories of recovery including damages unrelated to medical expenses, VSS has met its burden to show that the amount in controversy exceeds $75,000.  Therefore, diversity jurisdiction is proper.  *See*, *McPhail*, 529 F.3d at 955; *see also*, *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272 (10th Cir. 2016) (civil cover sheet is notice that amount in controversy exceeded $75,000, starting the removal clock).

20.     This action is removable to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§1332(a)(1) and 1441(a).

21.     This Notice of Removal is timely, having been filed by VSS within thirty (30) days of August 24, 2022, the date on which Plaintiffs served their Complaint on VSS.

WHEREFORE, Defendant VSS Carriers, Inc. requests that the underlying state court action pending in the City and County of Denver District Court, State of Colorado, be removed to

this Honorable Court.

Dated:  September 22, 2022

KISSINGER & FELLMAN, P.C.

*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Bobby G. Riley
3773 Cherry Creek North Drive, Suite 900
Denver, Colorado 80209
Phone:  303-320-6100; Fax:  303-327-8601
Email:  jonathan@kandf.com;
            bobby@kandf.com
*Attorneys for Defendant VSS Carriers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert Nitido, Esq. [bob@helpincolorado.com]
Brian Caplan, Esq. [brian@helpincolorado.com]
Ross Ziev, Esq. [ross@helpincolorado.com]
*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

**VIA U.S. MAIL, POSTAGE PREPAID
AND EMAIL**

Robert Nitido, Esq.
Brian Caplan, Esq.
Ross Ziev, Esq.
Help in Colorado
Ross Ziev, P.C.
6795 E. Tennessee Avenue, #210
Denver, CO 80224
*Attorneys for Plaintiffs*

**VIA CCES**

Clerk of the Court
Denver County District Court
1437 Bannock Street
Denver, CO 80202

*s/ Elizabeth Jackson*
Elizabeth Jackson, Paralegal
Kissinger & Fellman, P.C.