| | DATE FILED: August 4, 2022 2:25 PM<br>FILING ID: CADF5A783416C<br>CASE NUMBER: 2022CV32234 |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>Address:    1437 Bannock Street<br>              Denver, CO 80202 | |
| Plaintiffs: MEEI LIU and TAI LIU<br><br>v.<br><br>Defendants: COREY LEE SKAGGS AND VSS CARRIERS INC. | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiffs:*<br>Robert Nitido, #43560<br>Brian Caplan, #45129<br>Ross Ziev, #43181<br>Help in Colorado<br>ROSS ZIEV, P.C.<br>6795 E. Tennessee Avenue, #210<br>Denver, CO 80224<br>Telephone: (303) 351-2567<br>e-mail: ross@helpincolorado.com<br>         brian@helpincolorado.com<br>         bob@helpincolorado.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiffs, by and through their attorneys, Ross Ziev P.C., hereby submit the following Complaint and Jury Demand against Defendants Corey Lee Skaggs and VSS Carriers Inc.

## **PARTIES**

1. At all times relevant to this action, Plaintiff Meei Liu was and is a resident of the state of Colorado.

2. At all times relevant to this action, Plaintiff Tai Liu was and is a resident of the state of Colorado.

1

3. Upon information and belief, the Defendant Corey Lee Skaggs (Defendant Skaggs) currently resides in the state of Texas at 2659 Interstate Highway 30 E, Greenville, Texas.

4. Upon information and belief, the Defendant VSS Carriers, Inc. (Defendant VSS) is a foreign corporation with a principal place of business at 1325 W Belt Line Rd., Carrolton, TX 75006. It is currently in "Delinquent" status with the Colorado Secretary of State and has never properly had a registered agent within the state of Colorado.

5. Venue is proper in Denver District Court, Colorado, pursuant to C.R.C.P. 98(c), because the tort occurred in Denver County.

## FACTUAL ALLEGATIONS

6. Plaintiffs incorporate herein by this reference the allegations set forth with specificity in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

7. On or about October 13, 2021, at approximately 12:07 p.m. near E. Colfax Ave and Broadway Blvd. in Denver, Colorado, Plaintiffs were driving eastbound in their 2002 grey Honda Odyssey in the center lane on Colfax.

8. At the same time, Defendant Skaggs was driving a semi-truck owned by Defendant VSS at the same location and in the same direction in the right lane.

9. While driving, Defendant Skaggs struck the passenger side of Plaintiffs' vehicle (First Collision) causing damage to Plaintiffs' vehicle.

10. Despite hitting Plaintiffs, Defendant Skaggs continued driving eastbound on Colfax Ave.

11. Plaintiffs then caught up to Defendant Skaggs and pulled alongside him to get his attention to pull over and waved at him. Defendant Skaggs did not stop and made a right turn onto Southbound Grant St.

12. Plaintiffs followed Defendant Skaggs and captured a photograph of the semi-trailer and license plate.

13. Plaintiffs then pulled alongside the driver's side of Defendant Skaggs again to get his attention, and Defendant Skaggs again struck the passenger side of Plaintiffs' vehicle, causing further damage (Second Collision).

14. Defendant Skaggs then made a left turn onto 14th avenue and drove eastbound.

15. Plaintiffs followed Defendant Skaggs and pulled in front of him on 14th Avenue, again to attempt to get him to stop his vehicle.

16. Defendant Skaggs then hit the back of Plaintiffs' vehicle, causing extensive damage (Third Collision).

17. Defendant Skaggs again did not stop or render aid and continued driving and struck the driver's side of Plaintiffs' vehicle (Fourth Collision) as he fled the scene.

18. As a direct and proximate result of the collisions described above, Plaintiffs suffered injuries, damages, and losses.

19. At the time of the collisions, Defendant Skaggs was driving the truck for the benefit of VSS Carriers and was transporting cargo on their behalf.

20. At the time of the collisions, Defendant Skaggs was driving the truck in the course and scope of his employment with VSS Carriers.

21. Prior to the collisions, Defendant Skaggs had been convicted of Assault in 2008 and 2012, as well as Resisting Arrest in 2012.

22. Plaintiffs were not comparatively negligent in causing the collisions described above.

23. As a direct and proximate result of the collisions described above, Plaintiffs incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries and loss of time.

24. As a direct and proximate result of the collision described above, Plaintiffs incurred non-economic damages including, but not limited to, pain and suffering, fear, inconvenience, emotional distress, and impairment to quality of life.

25. As a direct and proximate result of the collision described above, Plaintiffs suffer from lasting physical impairment.

**FIRST CLAIM FOR RELIEF**
**Negligence (and Negligence *Per Se*) of Defendant Skaggs**

26. Plaintiffs incorporate herein by this reference the allegations contained in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

27. Defendant Skaggs owed Plaintiffs a duty to exercise reasonable care in the operation of the automobile at the time of the collisions.

28. Defendant Skaggs breached his duty to Plaintiffs to exercise reasonable care in the operation of the automobile at the time of the collisions by hitting Plaintiffs' vehicle in each of the collisions.

29. Defendant Skaggs' breach of duty described above directly and proximately caused Plaintiffs to suffer damages.

30. Defendant Skaggs' breach of duty described above directly and proximately caused Plaintiffs to incur past and future medical and other health care and rehabilitation expenses for injuries, loss of earnings, and loss of time.

31. Defendant Skaggs' breach of duty described above directly and proximately caused Plaintiffs to suffer past and future non-economic damages including, but not limited to, pain and suffering, fear, inconvenience, emotional distress, and impairment to quality of life.

32. Defendant Skaggs' breach of duty described above directly and proximately caused Plaintiffs to suffer lasting physical impairment.

33. Defendant Skaggs was negligent *per se* because he violated Colorado laws including, but not limited to: careless driving, assault, and attempted vehicular assault.

### SECOND CLAIM FOR RELIEF
### Battery Against Defendant Skaggs

34. Plaintiffs incorporate herein by this reference the allegations contained in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

35. Defendant Skaggs conduct resulted in physical contact and injury with Plaintiffs

36. Defendant Skaggs intended to make harmful contact with Plaintiffs or knew that that he would probably make harmful contact with them when he collided with them four times.

37. The physical contact directly and proximately caused Plaintiffs to incur past and future medical and other health care and rehabilitation expenses for injuries, loss of earnings, and loss of time.

38. The physical contact directly and proximately caused Plaintiffs to suffer past and future non-economic damages including, but not limited to, pain and suffering, fear, inconvenience, emotional distress, and impairment to quality of life.

39. The physical contact directly and proximately caused Plaintiffs to suffer lasting physical impairment.

### THIRD CLAIM FOR RELIEF
**Respondeat Superior / Principal-Agent Liability / Vicarious Liability
Against Defendant VSS**

40. Plaintiffs incorporate herein by this reference the allegations contained in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

41. Defendant Skaggs' negligence was the cause of the subject collision.

42. Defendant Skaggs' negligence directly and proximately caused Plaintiffs to suffer damages.

43. Defendant VSS was the employer and/or principal of Defendant Skaggs at the time of the subject collisions.

44. Defendant Skaggs was driving his vehicle in the course and scope of his employment for Defendant VSS at the time of the subject collision.

45. In the alternative, Defendant Skaggs was operating his vehicle as an agent for Defendant VSS at the time of the subject collisions.

46. Because Defendant Skaggs was working as an employee and/or agent for Defendant VSS at the time of the collisions, Defendant VSS is liable for Defendant Skaggs' negligence in causing the subject collision and liable to Plaintiffs for all of their damages caused by Defendant Skaggs' negligence.

## FOURTH CLAIM FOR RELIEF
### Negligent Contracting, Hiring, and Retention Against Defendant VSS

47. Plaintiffs incorporate herein by this reference the allegations contained in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

48. Defendant Skaggs driving was unsafe when he caused the subject collisions.

49. At the time that it hired him and/or contracted with Defendant Skaggs, and in its decision to continue to retain him as an agent/employee, Defendant VSS knew that Defendant Skaggs job duties principally included driving on public roads where other drivers, passengers, and pedestrians would be present and rely on his safe driving.

50. On information and belief, Defendant Skaggs had an adverse criminal record establishing previous assaultive behavior at the time Defendant VSS hired and/or contracted him for services and/or at times they decided to retain him as an employee.

51. On information and belief, Defendant VSS knew or should have known that Defendant Skaggs was an unsafe person that would subject the general public to harm and unsafe driving when they decided to hire and/or contract with him.

52. At the time that it hired him and/or contracted with Defendant Skaggs, and in its decision to continue to retain him, Defendant VSS knew, or should have known, that Defendant Skaggs would create an unreasonable risk to the safety of other drivers, passengers, and pedestrians, and that it was foreseeable that he would cause harm to others, including Plaintiffs, in the course and scope of his employment.

53. Defendant VSS failed to exercise reasonable care in the contracting, hiring and retention of Defendant Skaggs.

54. The failure of Defendant VSS in exercising reasonable care in the contracting, hiring and retention of Defendant Skaggs caused Plaintiffs to suffer damages.

## FIFTH CLAIM FOR RELIEF
### Negligent Training and Supervision Against Defendant VSS

55. Plaintiffs incorporate herein by this refence the allegations contained in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

56. At the time that it hired and/or contracted with Defendant Skaggs, and in its decision to continue to retain him and/or work with him, Defendant VSS knew that Defendant Skaggs' job duties principally included driving on public roads where other drivers, passengers, and pedestrians would be present and rely on his safe driving.

57. At the time that it hired and/or contracted with Defendant Skaggs, and in its decision to continue to retain him and/or work with him, Defendant VSS knew, or should have known, that Defendant Skaggs had a history of violent behavior that could endanger others on the road.

58. Upon information and belief, Defendant VSS failed to exercise reasonable care to train or supervise Defendant Skaggs' driving abilities and assaultive behavior so that he would safely drive his vehicle in the course and scope of operating his vehicle for Defendant VSS.

59. Defendant VSS knew, or should have known, that its lack of training and supervision of Defendant Skaggs would create an unreasonable risk to the safety of other drivers, passengers, and pedestrians and that it was foreseeable that he would cause harm to others, including Plaintiffs, in the course and scope of his employment.

60. The failure of Defendant VSS in exercising reasonable care in the training and supervision of Defendant Skaggs caused Plaintiffs to suffer damages.

61.     As a direct and proximate result of Defendant's negligent training and supervision, Plaintiffs sustained damages, including past and future: economic losses, including medical bills and non-economic losses including physical and mental pain and suffering, inconvenience, emotional stress and impairment of the quality of life.

### JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiffs requests that judgement be entered in their favor against Defendants in an amount to be determined at trial for damages, including past and future: economic losses including medical bills and other expenses; non-economic losses including physical and mental pain and suffering, inconvenience, emotional stress and impairment of the quality of loss; attorney's fees, interest, costs and expenses and any other relief the Court deems just and proper.

Dated:  August 4, 2022.

Respectfully submitted,

HELP IN COLORADO

By:     */s/ Robert Nitido*
        Robert Nitido, Esq.

Attorney for Plaintiffs